UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD THIELE JR., ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-1716 |
| HARBOR FREIGHT TOOLS USA, INC. | * | SECTION "J" (2) |

### ORDER AND REASONS

Pending before me is Plaintiffs Ronald Theile Jr. and RJ Improvements, LLC's Motion to Compel Other Products Liability Accident, Injury and Claim Evidence.  ECF No. 9.  Defendant Harbor Freight Tools USA, Inc. filed an Opposition Memorandum, and Plaintiffs filed a Reply Memorandum.  ECF Nos. 13, 15.  The Court granted Plaintiffs' request for oral argument, which proceeded on Wednesday, March 26, 2025, after which  this matter was taken under submission.  ECF No. 10, 14, 17.  In accordance with the Court's instructions, Defendant submitted the three reports at issue for *in camera* inspection.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's  Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Thiele filed this products liability action alleging that he sustained personal injuries while operating a hedge trimmer manufactured and sold by Defendant.  ECF No. 1-2 at 4 (¶¶ IV-VI).  After removal, the case was scheduled for trial on September 15, 2025, with a discovery deadline of July 22, 2025.  ECF Nos. 1, 6.

II.    **DISCOVERY DISPUTE**

During discovery, Plaintiffs sought information regarding other accidents, complaints, claims or injuries involving the subject hedge trimmer. ECF No. 9-1 at 5. The specific requests and responses at issue read:

INTERROGATORY NO. 9:

Please describe any and all complaints or incidents from consumers/users of the Portland 22" electric bladed hedge trimmer, between August 2, 2013 to present, including the dates and nature of such complaints and the name, address, and telephone number of the complainant.

RESPONSE:

Harbor Freight objects to this interrogatory as overbroad, unduly burdensome, calls for disclosure of privileged and confidential information, and because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the general objections, Harbor Freight states that it is unaware of any similar complaints or incidents from consumers of the Portland 22" electric hedge trimmer (SKU 62630). Since Harbor Freight began selling this product in 2015, there have been four reports of injury, including plaintiff's in this case:

-In August of 2017, a customer reported that he cut his finger while using the product when he tried to move the extension cord away from the blade. While this appeared to be user error, the customer also claimed that the safety switch was defective on his product. This customer did not file a lawsuit.

-In March of 2022, a customer reported that while using the product, it started to smoke, and he burned his hand a little. This customer did not file a lawsuit.

-In August of 2023, a customer reported that while using the product, she noticed a burning smell and some smoke and burned her hand. This customer did not file a lawsuit.

INTERROGATORY NO. 11:

State whether Harbor Freight received any notice from purchasers, consumers, or others, prior to or subsequent to the subject August 2, 2023 incident, of any other accidents or incidents resulting in personal injury which allegedly resulted from the use of Portland 22" electric bladed hedge trimmers. If so, please provide the date of such accidents or incidents, describe the nature of such accidents or incidents

and the resulting injuries, and provide the name, address, and telephone number of the involved person(s).

RESPONSE:

Harbor Freight objects to this interrogatory as overbroad and because it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and the general objections, see response to Interrogatory No. 9.

REQUEST FOR PRODUCTION NO. 14:

Any and all documents concerning any complaints from purchasers, consumers, or others, prior to or subsequent to the subject August 2, 2023 incident, of any other accidents or incidents resulting in personal injury which allegedly resulted from the use of the Portland 22" electric bladed hedge trimmer product.

RESPONSE:

Harbor Freight objects to this request as overbroad, unduly burdensome, calls for the production of privileged documents, and because it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and the general objections, Harbor Freight states that it has no non-privileged documents and refers to its response to Interrogatory No. 9.

Although Harbor Freight did not initially produce a privilege log, after the Rule 37 conference, it provided a privilege log in connection with the production describing the withheld evidence as excerpts from a legal database relating to four reports of injury from use of the product at issue. ECF No. 9-1 at 5, 7. Plaintiffs contend that case law is clear that information about similar incidents involving the same product is extremely relevant and thus discoverable. *Id.* at 7-11. Further, Plaintiffs argue that, even if the legal database excerpts were privileged or work product, the underlying reports are not. *Id.* at 11-12. Therefore, Plaintiffs seek to compel supplemental responses to Interrogatory Nos. 9 and 11 and Request for Production No. 14.

In Opposition, Defendant argues that it has identified only three customers who reported incidents involving the same model hedge trimmer, which it contends involved different factual

circumstances. ECF No. 13 at 1. Defendant asserts that two of the three incidents involved minor burns after the product began smoking, and it voluntarily produced the report for the one incident involving a customer who cut his finger, with the customer's name redacted. *Id.* Defendant argues that the two burn incidents are too dissimilar and involved different alleged defects to require production. *Id.* at 4-5. Citing a District of Colorado case, Defendant argues that its third incident customer's expectation of privacy justifies redaction to ensure that he is not dragged into this lawsuit about which he has no knowledge. *Id.* at 5-6 (citing *Kumar v. Copper Mountain, Inc.*, No. 07-2597, 2009 WL 198042, at *1 (D. Colo. Jan. 28, 2009)).

In Reply, Plaintiffs argue that relevance is not the issue, but rather whether the evidence is reasonably calculated to lead to the discovery of admissible evidence. ECF No. 15 at 1-2. Plaintiffs further argue the customer has no legitimate expectation of privacy, and they are entitled to the unredacted report because they are entitled to discern the precise nature of the customer's concern regarding the safety switch issue at issue in this case, to discover whether the customer retained any expert or produced a report regarding the alleged defect, and to discover whether Defendant responded or made any payment to the customer. *Id.* at 2-3. At a minimum, Plaintiffs ask that the Court conduct an *in camera* review of the documents. *Id.* at 3.

## III.    APPLICABLE LAW AND ANALYSIS

### A.    The Scope of Discovery

Rule 26 of the Federal Rules of Civil Procedure authorizes parties to:

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[1]

Information need not be admissible into evidence to be discoverable.[2]  Rather, the information merely needs to be **proportional** and **relevant** to any claim or defense.[3]

Rule 26's advisory committee comments make clear that the parties and the court have a collective responsibility to ensure that discovery is proportional.  The party claiming it would suffer an undue burden or expense is typically in the best position to explain why, while the party claiming the information is important to resolve the issues in the case should be able "to explain the ways in which the underlying information bears on the issues as that party understands them." FED. R. CIV. P. 26 advisory committee's notes to 2015 amendment.  "The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery."  *Id.*

The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[4]  At the discovery stage, relevance includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[5]  Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[6]  If relevance is in doubt, a court should allow discovery.[7]

---

[1] FED. R. CIV. P. 26(b)(1).
[2] *Id.*
[3] *Id.*
[4] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[5] *Id*. (brackets and citations omitted).
[6] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[7] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

### 1. Objections

The Federal Rules of Civil Procedure take a "demanding attitude toward objections,"[8] and courts have long interpreted the rules to prohibit general, boilerplate objections.[9]  Boilerplate objections use standardized, ready-made or all-purpose language without regard to the particular discovery request.[10]  Proper objections must be specific and correspond to specific discovery requests.[11]  Further, it is improper for parties responding to discovery to provide responses with the caveat that they are given "subject to and without waiving" objections.  Federal courts have repeatedly recognized that such language is improper and inconsistent with the Federal Rules.[12]

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively

---

[8] 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2173 (3d ed. 2021).
[9] *See, e.g.*, *Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at *3 (E.D. La. Jan. 21, 2015) (citation omitted) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request"); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484–85 (5th Cir. 1990) (noting simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each . . . [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection" (citations omitted)).
[10] *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 20-42, 2020 WL 6559869, at *3 (E.D. Tex. Nov. 9, 2020) (citation omitted) (providing examples for boiler plate language, such as "Defendant objects to this Request, as it is overly broad and vague" and "Defendant objects to this Request to the extent it seeks discovery of information that is irrelevant and not proportional to the needs of the case").  Objections are deemed "boilerplate" when they are identical and not tailored to the specific discovery request.  *Amazing Ins., Inc. v. DiManno*, No. 19-1349, 2020 WL 5440050, at *5 (E.D. Cal. Sept. 10, 2020) (citation omitted).
[11] *Dickey v. Apache Indus. Servs., Inc.*, No. 18-572, 2019 WL 4261117, at *3 (M.D. La. Sept. 9, 2019) (collecting cases); *see Hall v. Louisiana*, No. 12-657, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014) ("Defendants initially gave general objections applicable to all of Plaintiff's discovery requests.  But critically, after providing their general objections, Defendants addressed each and every discovery request individually, making specific objections before providing detailed and informative responses, notwithstanding those objections.").
[12] *Heller v. City of Dall.*, 303 F.R.D. 466, 486-87 (N.D. Tex. 2014) ("The practice of asserting objections and then answering 'subject to' and/or 'without waiving' the objections–like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests–may have developed as a reflexive habit . . . [, but the practice] 'manifestly confus[es] (at best) and mislead[s] (at worse)[] and has no basis at all in the Federal Rules of Civil Procedure.'" (citation omitted)).

explain whether any responsive information or documents have been withheld.[13]  The party objecting must state how the objection "relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'"[14]  Any objection must clearly state how the information sought is not relevant to any claim or defense or how the request is overbroad, burdensome or oppressive.[15]

When a party objects to a request for production, the "objection must state whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request must specify the part and permit inspection of the rest."[16]  Objections interposed without also indicating whether any document or information is being withheld are improper.[17]  Responses must also clearly state whether any responsive materials are being withheld and the specific basis for objecting and not producing same.[18]

### 2.  Privilege Objections

A party withholding information based on privilege or work product "***must***: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim."  FED. R. CIV. P.

---

[13] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (citation omitted).

[14] *Cheshire v. Air Methods Corp*, No. 15-933, 2015 WL 7736649, at *2 (W.D. La. Nov. 30, 2015) (citation omitted).

[15] *Chevron*, 2015 WL 269051 at *3 (citation omitted) (noting objections are boilerplate and insufficient if they merely state "the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond.").

[16] FED. R. CIV. P. 34(b)(2)(C); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 13-2110, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

[17] *See Chevron*, 2015 WL 269051 at *4 (holding that objections fall woefully short of objecting party's burden when party objected to documents and information protected by privilege but did not describe whether any documents were withheld or the nature of withheld documents).

[18] *Id*. (citation omitted) ("Objections that fail to provide an appropriate factual basis make it difficult for the parties to even informally discuss any alleged defects in a discovery request or response in hope of fixing the defects.").

26(b)(5)(A) (emphasis added). The use of the word "must" indicates that production of a privilege log, including the detail specified by Rule 26(b)(5)(A)(i) and (ii), is mandatory. The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[19] It "should not only identify the date, the author, and all recipients of each document listed therein, but should also 'describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery.'"[20] The party asserting privilege bears the burden of proof sufficient to substantiate its claims.[21]

When faced with an inadequate privilege log, the court may: (1) permit the party another chance to submit a more detailed log; (2) deem the inadequate log a waiver of the privilege; (3) conduct an *in camera* inspection of the withheld documents; or (4) conduct an *in camera* inspection of a select sample of the withheld documents.[22] Most courts take a flexible approach, particularly when there is an insufficient privilege log but no evidence of bad faith, finding waiver only for flagrant or willful failures.[23] The Court should not undertake a review of numerous withheld documents without any meaningful justification[24] nor should it conduct an *in camera*

---

[19] *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (quoting *United States v. El Paso Co*., 682 F.2d 530, 541 (5th Cir. 1982); and citing *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp*., 150 F.R.D. 465, 474 (S.D.N.Y. 1993))).

[20] *See Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. 2008) (quoting *Jones v. Hamilton Cnty. Sheriff's Dep't*, No. 02-808, 2003 WL 21383332, at *4 (S.D. Ind. 2003); and citing *Compaq Comput. Corp. v. Packard Bell Elecs., Inc*., 163 F.R.D. 329, 338 (N.D. Cal. 1995)).

[21] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (citing *In re Santa Fe Int'l Corp*., 272 F.3d 705, 710 (5th Cir. 2001)); *see Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).

[22] *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co*., No. 10-684, 2014 WL 12660120, at *4 (M.D. La. Jan. 14, 2014) (quoting *N.L.R.B. v. Jackson Hosp. Corp*., 257 F.R.D. 302, 307-08 (D.D.C. 2009)).

[23] *Id*. (citing *United States v. Brit. Am. Tobacco (Invs.) Ltd*., 387 F.3d 884, 890-91 (D.C. Cir. 2004); *Novelty, Inc. v. Mountain View Mktg., Inc*., 265 F.R.D. 370, 381-82 (S.D. Ind. 2009) (foot-dragging and failure to comply with court's order showed willfulness and bad faith); *Muro v. Target Corp*., 250 F.R.D. 350, 365 (N.D. Ill. 2007), *aff'd*, 580 F.3d 485 (7th Cir. 2009)).

[24] *See United States v. Zolin*, 491 U.S. 554, 571 (1989) ("[W]e cannot ignore the burdens *in camera* review places upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties."); *Smith v. Shelter Mut. Ins. Co.*, No. 15-357, 2018 WL 1278429, at *2 (M.D. La. Mar. 12,

review merely because a party requests it.[25]  Only when there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege must the court utilize its discretion to determine whether *in camera* review is appropriate under the circumstances presented.[26]

### B.  Evidence of Substantially Similar Events Is Discoverable

Evidence of similar accidents can be admissible in a products liability case to show "the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation."[27]  Under Fifth Circuit law, evidence of previous accidents is admissible at trial if it can be shown that (1) the earlier failure occurred under conditions substantially similar to those existing during the failure in the accident central to the litigation, and (2) the earlier failure occurred at a time not too remote from the time of the failure in the accident central to the litigation.[28]  Stated differently, the proponent of evidence of other accidents or occurrences must establish "that the facts and circumstances of other accidents or occurrences are 'closely similar' to the facts and circumstances at issue."[29]  Substantial similarity does not mean an exact match,[30] and the "substantial similarity" requirement is relaxed to "reasonable similarity" if the earlier accident is offered only to show defendant's awareness of an arguably dangerous condition.[31]

---

2018) (refusing to review 139 withheld documents as it "would constitute a great and unnecessary expenditure of judicial resources").

[25] *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021) (citations omitted).

[26] *Id.* at 21 (quoting *Jani-King Franchising, Inc. v. Jani-King (GB) Ltd.*, No. 13-4136, 2015 WL 12916409, at *1 (N.D. Tex. Feb. 6, 2015); *see BDO USA, L.L.P.*, 876 F.3d at 697 n.4 ("Given the serious nature of Bower's allegations through her affidavit and the lack of a countering affidavit from the party claiming privilege, we note that in camera review will likely be necessary."); *King v. Univ. Healthcare Sys., L.C.*, 645 F.3d 713, 721 (5th Cir. 2011).

[27] *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338-39 (5th Cir. 1980).

[28] *Id.* at 339 (quoting *Jones & Laughlin Steel Corp. v. Matherne*, 348 F.2d 394, 400 (5th Cir. 1965)).

[29] *Johnson v. Ford Motor Co.*, 988 F.2d 573, 579 (5th Cir. 1993) (citing *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082-83 (5th Cir. 1986)).

[30] *Green v. Schutt Sports Mfg. Co.*, 369 F. App'x 630, 638 (5th Cir. 2010).

[31] *Johnson*, 988 F.2d at 580; *Atl. Specialty Ins. Co. v. Porter, Inc.*, No. 15-570, 2016 WL 6403376, at *2 (E.D. La. Oct. 28, 2016) (citing *Willis v. KIA Motors Corp.*, No. 07-062, 2009 WL 2351766, at *1 (N.D. Miss. July 29, 2009) ("[O]nly 'reasonably similar' incidents will be admissible for the purpose[ ] of establishing notice.")); *see also Young*

C. **Customer's Privacy Interests**

Citing *Kumar v. Copper Mountain, Inc.*, No. 07-2597, 2009 WL 198042, at *1 (D. Colo. Jan. 28, 2009), Defendant argues that redaction is proper because disclosure of a customer's name violates that customer's privacy interest. In that case, the parties agreed that the Tenth Circuit's balancing test employed when personal data that may be highly personal or confidential is sought applied:[32] (1) whether the party asserting the right has a legitimate expectation of privacy, (2) whether disclosure serves a compelling state interest, and (3) whether disclosure can be made in the least intrusive manner.[33] The *Kumar* court reasoned:

> [T]he legitimate expectation of privacy (including not being dragged into a civil lawsuit about which they have no knowledge) outweighs any compelling state interest in this private civil lawsuit, and the disclosure ordered by the Court is the least intrusive manner in which to accomplish the goal of discovery. Therefore, for purposes of the federal rules, Defendant may redact the names and addresses of the injured skiers and witnesses (if not employed with Defendant), but must produce all other information unredacted.[34]

D. **Analysis**

Plaintiffs are incorrect when they argue that the issue is not relevance but whether the evidence is reasonably calculated to lead to the discovery of admissible evidence. In 2015, the Federal Rules jettisoned that language in favor of the currently applicable Rule 26(b)(1) standard, which specifies that parties may obtain discovery of any matter that is relevant to any party's claim or defense and proportional to the needs of the case. Thus, discovery is governed by the currently applicable relevance and proportionality standard. And of course, relevance is interpreted more broadly in the discovery context than in the context of admissibility. The issue is thus whether the

---

*v. Ill. Cent. Gulf R.R. Co.*, 618 F.2d 332, 339 (5th Cir. 1980) (noting that evidence of earlier accidents offered for the "sole purpose" of establishing notice of an "arguably dangerous" condition).
[32] *Kumar*, 2009 WL 198042, at *2 (citing *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 434 (10th Cir. 1981)):
[33] *See Denver Policemen's*, 660 F.3d at 435 (citing *Martinelli v. Dist. Ct. in & for the City & Cnty. of Denver*, 612 P.2d 1083, 1091 (Colo. 1980)).
[34] 2009 WL 198042, at *2.

other incidents are similar enough to the incident at issue to render them relevant to any claim or defense.  The Court's *in camera* review confirms that the two incidents involving burns are too dissimilar to have any relevance to Plaintiffs' claim as they are not even reasonably similar, much less substantially similar.  The laceration incident described in Report No. 2, however, is relevant.

Although Defendant has produced Report No. 2, it produced same in a redacted form to obscure the identity of the complaining customer.  While protection of a customer's privacy interest may be substantial,[35] a person generally has no legitimate expectation of privacy in information he voluntarily turns over to third parties, even when the information is revealed on the assumption that it will be used only for a limited purpose.[36]  Further, Defendant does not cite any state or federal statute protecting a customer's right to privacy in making a complaint with a manufacturer[37] nor does Defendant indicate whether it has adopted a privacy policy or otherwise indicated any intent to maintain the confidentiality of a customer's identity.  In the absence of any statutory or even stated policy of Defendant providing confidentiality or privacy protections, courts have allowed disclosure of the identity of a customer subject to a protective order.[38]

In this case, Defendant has not established that the customer has any reasonable expectation of privacy in filing his complaint with Defendant.  Accordingly, Defendant must produce an unredacted copy of the report within 10 days.  Production will be subject to a protective order

---

[35] *Cf. Edenfield v. Fane*, 507 U.S. 761, 769 (1993) (recognizing potential client's privacy interest in substantive basis of need for legal services).

[36] *Carpenter v. United States*, 585 U.S. 296, 308 (2018) (quoting *Smith v. Maryland*, 442 U.S. 442, 743–744 (1979); *United States v. Miller*, 425 U.S. 435, 443 (1976)).

[37] *E.g.*, *Anaya v. Tricam Indus., Inc.*, No. 18-1045, 2020 WL 13094090, at *1 (W.D. Tex. Feb. 4, 2020) (denying request for consumers' names, addresses and telephone numbers after defendant produced list of consumer complaints and reports related to allegedly defective product) (citing *Eli Lilly & Co. v. Marshall*, 850 S.W.2d 155 (Tex. 1993) (holding that the court erred in compelling disclosure of consumer reporters' contact information in contravention of FDA regulations preventing disclosure absent a showing of particularized relevance and need)).

[38] *See, e.g.*, *Farouk Sys., Inc. v. Costco Wholesale Corp.*, 700 F. Supp. 2d 780, 789 (S.D. Tex. 2010) (ordering disclosure of customer names under protective order).

precluding any further disclosure of the report and limiting its use for purposes of this litigation only.

**E.  <u>CONCLUSION</u>**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this _____3rd_____ day of April, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE